UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORTEZ COGSHELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV261 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Cortez Cogshell's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed February 13, 2009. (Doc. No. 1).

## **BACKGROUND**

By way of background, on September 3, 2008, Movant plead guilty to one count of knowingly and intentionally possessing with the intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement recommended a base offense level of 24. The Plea Agreement also recommended a full three level decrease because Movant accepted responsibility for his conduct under Section 3E1.1 of the Sentencing Guidelines. The parties thus estimated a total offense level of 21. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report.

On November 21, 2008, Movant was sentenced to 101 months imprisonment, followed by supervised release for four years. No direct appeal was filed. As stated above, the instant § 2255

Motion was filed on February 13, 2009[1], alleging the following ground for relief: That Movant received ineffective assistance of counsel, in that his counsel failed to investigate Movant's legal innocence defense. (§ 2255 Motion, P. 5). Specifically, Movant maintains that although he informed counsel of the police officers' unlawful warrantless search of his residence, and the fact that at least one officer planted both drugs and a firearm on his property, counsel nevertheless coerced Movant into pleading guilty. (Id.).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on September 3, 2008, and was sentenced on November 21, 2008. Movant had ten days to file a notice of appeal after the sentencing date. The present motion, filed February 13, 2009, thus is within the 1-year limitation period pursuant to § 2255.

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## **DISCUSSION**

As stated above, in his § 2255 Motion Movant maintains he received ineffective assistance of counsel, in that his counsel failed to investigate Movant's legal innocence defense. (§ 2255 Motion, P. 5). In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court holds it need not consider whether Movant's counsel's performance was deficient, as Movant fails to demonstrate the requisite prejudice; in other words, he fails to establish that absent his counsel's alleged errors, he would have insisted on proceeding to trial. Rather, during the guilty plea proceeding, the District Court questioned Movant extensively regarding his decision to plead guilty, as follows:

> THE COURT: Now, Mr. Cogshell, have you [] received a copy of the indictment or the charges against you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And have you had an opportunity to review and discuss the charges with Ms. Liggett[3]?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any question about the charge itself?
>
> THE DEFENDANT: No, ma'am....
>
> THE COURT: Now, I have received a document entitled Plea Agreement, Guidelines Recommendations, and Stipulations. This is a 13-page document. And I have the original here in front of me. Do you have a copy there in front of you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Turning to Page 13, which is the last page, is that your signature, the middle signature on page 13, Mr. Cogshell?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And did you sign that this morning?
>
> THE DEFENDANT: Yes, ma'am....
>
> THE COURT: And, Mr. Cogshell, have you had an opportunity to review and discuss the provisions of this document--

---

[3] Lucille Liggett was the federal public defender assigned to Movant's case.

| | |
|---|---|
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | --with Ms. Liggett? And are you in agreement with everything contained in this document? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Is there anything in this document with which you disagree? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Do you have any questions about any provision of this document? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | *Has anyone tried to force or coerce you into pleading guilty?* |
| THE DEFENDANT: | *No, ma'am.* |
| THE COURT: | *Are you doing this of your own free will?* |
| THE DEFENDANT: | *Yes, ma'am....* |

(Change of Plea Hearing Transcript, Cause No. 4:08CR357 JCH, PP. 4-6 (emphasis added)). The Court further questioned Movant as to his understanding of the possible penalties associated with his plea of guilty. (Id., PP. 6-11). Mr. Mehan[4] then stated the relevant facts in Movant's case were as follows:

> Judge, the government would prove beyond a reasonable doubt that on June 3rd of this year, members of the St. Louis Metropolitan Police Department arrested this defendant in possession of cocaine base, crack, which was more than five grams, and he possessed that with the intent to distribute.

---

[4] Thomas Mehan was the Assistant United States Attorney assigned to Movant's case.

> Officers received information that an individual known as Hot and Spicy was selling cocaine base, crack, out of the trunk of his car, which was described as a 1990s model four-door Volvo. The police were told Hot and Spicy lived at 4055 Cates in the second floor. He also supposedly sold the crack cocaine out of the trunk of his car while selling other items such as watches, lighters, car light incense from the trunk of his car.
>
> On the 3rd of June the police conducted surveillance at that residence on Cates, saw the defendant driving the described vehicle. He stopped, opened the trunk and began sales of those items, the lawful items from the trunk of his car when the police approached. This individual later identified himself as Cortez Cogshell and he gave police the consent to search his car. *After completing the search, the defendant also allowed the police to search his residence and signed a consent to search form.*
>
> *Pursuant to that consent, the police found cocaine base, crack, which was later taken to the lab and found to be 11.08 grams of cocaine base, crack, a Schedule II narcotic controlled substance. The defendant admitted that he possessed that with the intent to distribute.* And it was found to be-- to comport with the federal definition of crack cocaine pursuant to Section 2D1.1 of the Guidelines.

(Id., PP. 11-12 (emphasis added)). Movant then testified under oath that he agreed with everything Mr. Mehan had stated, and that he had committed the acts as described by Mr. Mehan and in the stipulation. (Id., P. 13). When asked how he intended to plead to the indictment, guilty or not guilty, Movant stated guilty. (Id.). Finally, the Court questioned Movant with respect to his satisfaction with counsel, as follows:

> THE COURT: Are you satisfied with the representation you have received from Ms. Liggett in this case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have any complaints whatsoever about her representation of you?
>
> THE DEFENDANT: No, ma'am.

(Id., PP. 4-5). Based on Movant's representations during his change of plea proceeding, the Court held as follows:

- 6 -

| THE COURT: | It is the finding of the Court in the case of *United States vs. Cortez Cogshell* that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense in the indictment. The plea is therefore accepted and the defendant is therefore adjudged guilty of that offense. |

(Id., P. 13).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Movant's own testimony demonstrates he committed the offense at issue, voluntarily pled guilty, and received effective assistance of counsel. Smith, 921 F.2d at 157. Movant's § 2255 Motion will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and his claim is **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 2nd day of November, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE